IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CR 08 71 ML

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No.________________ |
| v. | ) | In violation of: 18 U.S.C. § 371, |
| | ) | 1956(a)(1); 21 U.S.C. § 846, |
| LOUIS ROMANELLI | ) | 841(a)(1) & (b)(1)(C) & (D). |
| | ) | |

FILED
AUG 08 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**INFORMATION**

The United States Attorney charges that:

**COUNT I**
**(CONSPIRACY TO COMMIT HEALTH CARE FRAUD AND TO CAUSE A DRUG TO BE MISBRANDED)**

1. From a time unknown but at least May 2005 up to and including May 5, 2008, in the District of Rhode Island, the defendant, LOUIS ROMANELLI and others known and unknown to the United States, knowingly, willfully, and unlawfully combined, conspired, and agreed with each other to purchase prescription drugs from ultimate users, as that term is defined in 21 U.S.C. § 102 (27), and resell said drugs through Prime Drug pharmacy located in Providence, Rhode Island, thereby causing said drugs to be misbranded, in violation of 21 U.S.C. § 331(k), and causing the submission of false claims to health care benefit programs, in violation of 18 U.S.C. § 1347.

**MANNER AND MEANS**

2. It was part of the conspiracy that ROMANELLI sold prescription medications to a pharmacist at Prime Drug, Inc. ("the pharmacist"), a pharmacy located on the first floor of 613 Cranston Street in Providence, Rhode Island.

3. The pharmacist then paid ROMANELLI for these prescription drugs with U.S. Currency and controlled substances including hydrocodone/acetaminophen, a Schedule III controlled substance.

4. It was further part of the conspiracy that the pharmacist provided ROMANELLI with lists of prescription medications that the pharmacist was interested in purchasing from ROMANELLI. For instance, the pharmacist provided ROMANELLI with a list of drugs used to treat HIV, including but not limited to Combivir, Invirase, Norvir, Lexiva, and Reyataz.

5. It was further part of the conspiracy that ROMANELLI purchased prescription medications from numerous end users, and that ROMANELLI paid those end users with U.S. Currency. ROMANELLI was aware that the individuals who sold him prescription medications often were able to obtain those medications at little or no cost because their insurance carriers paid for the drugs.

6. It was further part of the conspiracy that the pharmacist sold the prescription medications purchased from ROMANELLI to customers of the pharmacy and billed health care benefit programs for said drugs, knowing that said drugs were misbranded.

7. It was further part of the conspiracy that the pharmacist paid ROMANELLI one-third of the average retail price of the medications.

**OVERT ACTS**

8. To effect the object of the conspiracy, the defendant, LOUIS ROMANELLI, the pharmacist, and other co-conspirators known and unknown to the United States, performed overt acts, including but not limited to those set forth in paragraphs 9-25:

9. On or about March 4, 2008, ROMANELLI purchased a quantity of the prescription drugs Combivir, Invirase, Norvir and Marinol from a Special Agent of the Food and Drug Administration - Office of Criminal Investigations ("FDA-OCI") who was working in an undercover capacity (hereafter "U/C").

10. On or about March 4, 2008, ROMANELLI delivered the drugs Combivir, Norvir, and Invirase to the pharmacist at Prime Drug in exchange for U.S. Currency.

11. On or about March 5, 2008, ROMANELLI paid the U/C $240.00 for the Combivir, Norvir, and Invirase that were purchased the previous day. ROMANELLI returned the Marinol to the U/C.

12. On or about March 6, 2008, ROMANELLI provided the U/C with a list of prescription drugs that the pharmacist was interested in purchasing from ROMANELLI.

13. On March 10, 2008, ROMANELLI purchased a quantity of Norvir, Reyataz, Lexiva, and Invirase from the U/C.

14. On March 10, 2008, ROMANELLI delivered the prescription drugs listed in the preceding paragraph to the pharmacist at Prime Drug in exchange for U.S. Currency.

15. On March 11, 2008, ROMANELLI paid the U/C $600.00 as payment for the prescription drugs sold to ROMANELLI the previous day.

16. On March 21, 2008, ROMANELLI purchased a quantity of Lexiva, Reyataz, Ziagen, and Norvir from the U/C.

17. On March 21, 2008, ROMANELLI went to Prime Drug and delivered the drugs listed in the preceding paragraph to the pharmacist.

18. On March 24, 2008, ROMANELLI paid the U/C $500 as partial payment for the prescription drugs sold to ROMANELLI on March 21, 2008.

19. On March 26, 2008, ROMANELLI provided the U/C with a list of prescription drugs that the pharmacist was interested in purchasing from ROMANELLI.

20. On March 28, 2008, ROMANELLI purchased a quantity of Sustiva, Kaletra, and Norvir from the U/C.

21. On March 28, 2008, ROMANELLI delivered the drugs listed in the preceding paragraph to the pharmacist at Prime Drug.

22. On April 11, 2008, ROMANELLI purchased a quantity of the prescription drugs Lexiva, Reyataz, Ziagen, and Norvir from the U/C.

23. On April 11, 2008, ROMANELLI delivered the drugs listed in the preceding paragraph to the pharmacist at Prime Drug.

24. On May 5, 2008, ROMANELLI purchased a quantity of the prescription drugs Norvir, Combivir, Lexiva, Invirase, and Reyataz from the U/C.

25. On May 5, 2008, ROMANELLI drove to Prime Drug and delivered the drugs listed in the preceding paragraph to the pharmacist.

All in violation of 18 U.S.C. § 371.

## COUNT II

## (CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES)

26. From a time unknown, but at least May 2005, up to on or about May 5, 2008, in the District of Rhode Island, the defendant, LOUIS ROMANELLI, the pharmacist, and others known and unknown to the United States, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other to knowingly and intentionally distribute, and to possess with intent to distribute, a mixture and substance containing a detectable amount of

hydrocodone, a Schedule III Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D),

In violation of 21 U.S.C. § 846.

**COUNTS III –X**

**(DISTRIBUTION OF SCHEDULE III CONTROLLED SUBSTANCE**

27. On or about the dates listed below, in the District of Rhode Island, the defendant, LOUIS ROMANELLI, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of hydrocodone, a Schedule III Controlled Substance:

| COUNT NO. | DATE | SUBSTANCE | QUANTITY/DOSE |
|---|---|---|---|
| III | 3/10/2008 | Hydrocodone/Acetaminophen | 50 Pills @ 7.5/750 mg |
| IV | 3/11/2008 | Hydrocodone/Acetaminophen | 50 Pills @ 7.5/750 mg |
| V | 3/19/2008 | Hydrocodone/Acetaminophen | 501 Pills @ 7.5/750 mg |
| VI | 3/21/2008 | Hydrocodone/Acetaminophen | 195 Pills @ 7.5/750 mg |
| VII | 3/24/2008 | Hydrocodone/Acetaminophen | 199 Pills @ 7.5/750 mg |
| VIII | 4/10/2008 | Hydrocodone/Acetaminophen | 100 Pills @ 7.5/750 mg |
| IX | 4/11/2008 | Hydrocodone/Acetaminophen | 98 Pills @ 7.5/750 mg |
| X | 4/19/2008 | Hydrocodone/Acetaminophen | 747 Pills @ 7.5/750 mg |

All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D).

**COUNTS XI-XII**

**(DISTRIBUTION OF SCHEDULE II CONTROLLED SUBSTANCE)**

28. On or about the dates listed below, in the District of Rhode Island, the defendant, LOUIS ROMANELLI, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of oxycodone, a Schedule II Controlled Substance:

| COUNT NO. | DATE | SUBSTANCE | QUANTITY/DOSE |
|---|---|---|---|
| XI | 3/14/2008 | Oxycodone/Acetaminophen | 150 pills @ 5/325 mg |
| XII | 4/17/2008 | Oxycodone HCL | 99 pills @ 5 mg |

All in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C).

**COUNT XIII**

**(MONEY LAUNDERING)**

29. On or about February 19, 2008, the Defendant, LOUIS ROMANELLI, in the District of Rhode Island, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction, to wit, the deposit of $1240.00 into Citizen Bank Account # ******9234, which in fact involved the proceeds of specified unlawful activity, to wit the distribution of controlled substances, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) & 846, with the intent to promote the carrying on of a specified unlawful activity, to wit the distribution of controlled substances,

in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

**FORFEITURE ALLEGATIONS**

30. Pursuant to 21 U.S.C. § 853, upon conviction, the defendant, LOUIS ROMANELLI, shall forfeit to the United States any and all right, title, and interest in any and all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offenses alleged in Counts II - XII of this Indictment, which allege conspiracy to distribute and distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and any and all property traceable to such property, including, but not limited to $6,800.00 in U.S. Currency.

All in accordance with 21 U.S.C. § 853.

31. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction, the defendant, LOUIS ROMANELLI, shall forfeit to the United States any and all property involved in the transactions alleged in Count XIII or this Indictment, which allege violations of 18 U.S.C. § 1956, or any property traceable to such property, including but not limited to a sum of money equal to $1240.00 in United States Currency.

All in accordance with 18 U.S.C. § 982(a)(1).

32. Pursuant to 18 U.S.C. § 982(a)(7), upon conviction, the defendant, LOUIS ROMANELLI, shall forfeit to the United States any and all property that constitutes or is derived directly or indirectly from the gross proceeds traceable to the commission of a Federal health offense, including but not limited to a sum of money equal to $21,243 in United States Currency.

All in accordance with 18 U.S.C. § 982(a)(7).

**Substitute Assets**

33. If the property described in paragraphs 30-32 above as being subject to forfeiture as a result of any act or omission of the defendant:

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or deposited with a third person;

(C) has been substantially diminished in value; or,

(D) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 545, 981(a)(1)(C) and (f), to seek forfeiture of any other property of said defendant up to the value of

said property listed above as being subject to forfeiture, including but not limited to the following:

> One parcel of real property with buildings, appurtenances, and improvements, located at 12 Victoria Street, Providence, Rhode Island that is legally described on page 169 of book 2971 of the land evidence records maintained in the City and County of Providence, State of Rhode Island as: "that certain lot or parcel of land with all buildings and improvements thereon, situated on the westerly side of Victoria Street in the City of Providence and State of Rhode Island, laid out and designated as Lot No. 3 (three) on that plat entitled, 'Victoria Plat belonging to Alice A. Gardner By J.A. Latham, Aug. 1893', which plat is recorded with the Land Evidence Records in said City of Providence on Plat Card 674."

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

STEPHEN G. DAMBRUCH
Criminal Division Chief